MARANGA • MORGENSTERN
Kenneth A. Maranga, Esq. (SBN 94116)
ken.maranga@marmorlaw.com
Patricia E. Ellyatt, Esq., (SBN 175302)
pellyatt@marmorlaw.com
Frank. J. Ozello, Jr. (SBN 153989)
fozello@marmorlaw.com
A Professional Law Corporation
5850 Canoga Avenue, Suite 600
Woodland Hills, CA 91367
(818) 587-9146 ■ Fax: (818) 587-9147

GREINES, MARTIN, STEIN & RICHLAND, LLP
Timothy T. Coates, Esq. (SBN110364)
tcoates@gmsr.com
5900 Wilshire Boulevard, 12th Floor
Los Angeles, CA 900356
Telephone: (310) 859-7811
Facsimile: (310) 276-5261

Attorneys for Defendants COUNTY OF LOS ANGELES and WILLIAM T. FUJIOKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REVEREND FATHER IAN ELLIOTT DAVIES; REVEREND J. EDWIN BACON, JR.; SHAKEEL SYED; RABBI HAROLD M. SCHULWEIS; REVEREND TERA LITTLE; RABBI JOHN ROSOVE; REVEREND PETER LAARMAN; DAVID N. MYERS; and RABBI AMY BERNSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>LOS ANGELES COUNTY BOARD OF SUPERVISORS; and WILLIAM T. FUJIOKA,<br><br>Defendants. | Case No. CV14-0907CAS-JEMx<br><br>**ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA TO PLAINTIFFS' COMPLAINT** |

- 1 -

Defendant COUNTY OF LOS ANGELES, a public entity (erroneously sued and served as Los Angeles County Board of Supervisors), and WILLIAM T. FUJIOKA ("Defendants"), through their undersigned attorneys, answer the Complaint of Plaintiffs REVEREND FATHER IAN ELLIOTT DAVIES; REVEREND J. EDWIN BACON, JR.; SHAKEEL SYED; RABBI HAROLD M. SCHULWEIS; REVEREND TERA LITTLE; RABBI JOHN ROSOVE; REVEREND PETER LAARMAN; DAVID N. MYERS; and RABBI AMY BERNSTEIN ("Plaintiffs") as follows:

## JURISDICTION

1. Answering paragraph 1 of the Complaint, the Defendants admit that under the facts alleged, this Court has jurisdiction over the subject matter of Plaintiffs' claims at this time. As to the remainder of the allegations set forth in paragraph 1 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

## VENUE

2. Answering paragraph 2 of the Complaint, the Defendants admit that under the facts alleged, venue is proper. As to the remainder of the allegations set forth in paragraph 2 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

## INTRODUCTION

3. Answering paragraph 3 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 4 contains allegations of fact, the Defendants deny them.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 5 contains allegations of fact, the Defendants deny them.

6. Answering paragraph 6 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 8 contains allegations of fact, Defendants deny them.

9. Answering paragraph 9 of the Complaint, the Defendants admit that on January 7, 2014, the Los Angeles County Board of Supervisors approved the addition of a cross to the California Mission already depicted upon the County seal. As to the remainder of the allegations set forth in paragraph 9 of the Complaint, the Defendants deny them.

10. Answering paragraph 10 of the Complaint, the Defendants admit that the County seal appears on some County government buildings, on some uniforms and badges of County governmental officials, on some County governmental motor vehicles and on some County documents and correspondence. As to whether the County seal appears on uniforms and badges of law enforcement personnel, the Defendants do not have sufficient information or belief to enable them to respond to that allegation and, on that basis, deny it. As to the remainder of the allegations in paragraph 10, the Defendants deny them.

///

///

///

- 3 -

11. Answering paragraph 11 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

12. Answering paragraph 12 of the Complaint, the Defendants deny the allegations contained in paragraph 12 of the Complaint.

## PARTIES

13. Answering paragraph 13 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

///

ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA
TO PLAINTIFFS' COMPLAINT

20. Answering paragraph 20 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

21. Answering paragraph 21 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, the Defendants admit that the Los Angeles County Board of Supervisors is the governing body of the County of Los Angeles. The Defendants further admit that the current five elected supervisors are Gloria Molina, Mark Ridley-Thomas, Zev Yaraslovsky, Don Knabe and Michael D. Antonovich. As to the remainder of the allegations set forth in paragraph 22 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, the Defendants admit that, as of the date of this Answer, William T. Fujioka is the Chief Executive Officer of the County of Los Angeles, and that he exercises executive authority over most County departments and operations. As to the remainder of the allegations set forth in paragraph 23 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

24. Answering paragraph 24 of the Complaint, the Defendants admit that Los Angeles County adopted a new seal for Los Angeles County on January 2, 1957, which became effective on March 1, 1957. The Defendants admit that the design for the new seal was submitted to the Secretary of State along with a description and impression of the seal as required by then existing law. The description of the design of the seal included: "Agriculture; Earth, Sea, and Sun;

1  Oil and Galleon; Hollywood Bowl; Religion; Dairy Farming; Fishing; Industry."
2  The Defendants deny that Exhibit 1 attached to the Complaint is an accurate
3  depiction of the 1957 County seal. As to the remainder of the allegations set forth
4  in paragraph 24 of the Complaint, the Defendants do not have sufficient informa-
5  tion or belief to enable them to answer said paragraph and, on that ground, deny
6  each and every allegation contained therein.

7       25.    Answering paragraph 25 of the Complaint, the Defendants admit that
8  the seal adopted in 1957 was used from 1957 until 2004. As to the remainder of the
9  allegations set forth in paragraph 25 of the Complaint, the Defendants do not have
10  sufficient information or belief to enable them to answer said paragraph and, on that
11  ground, deny each and every allegation contained therein.

12       26.    Answering paragraph 26 of the Complaint, the Defendants admit that
13  the County seal was altered in 2004. The Defendants further admit that Exhibit 2
14  appears to depict the County seal which was adopted in 2004. As to the remainder
15  of the allegations set forth in paragraph 26 of the Complaint, the Defendants do not
16  have sufficient information or belief to enable them to answer said paragraph and,
17  on that ground, deny each and every allegation contained therein.

18       27.    Answering paragraph 27 of the Complaint, the Defendants do not have
19  sufficient information or belief to enable them to answer said paragraph and, on that
20  ground, deny each and every allegation contained therein.

21       28.    Answering paragraph 28 of the Complaint, the Defendants admit that
22  the comments attributed to Supervisor Yvonne Burke contained in this paragraph
23  appear in the Meeting Transcript of the Los Angeles County Board of Supervisors
24  for June 8, 2004. As to the remainder of the allegations set forth in paragraph 28 of
25  the Complaint, the Defendants do not have sufficient information or belief to enable
26  them to answer said paragraph and, on that ground, deny each and every allegation
27  contained therein.
28  ///

ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA
TO PLAINTIFFS' COMPLAINT

29. Answering paragraph 29 of the Complaint, the Defendants admit that the portion within quotation marks attributed to Supervisor Michael D. Antonovich appears as part of the comments of Supervisor Antonovich in the Meeting Transcript of the Los Angeles County Board of Supervisors for June 8, 2004. As to the remainder of the allegations set forth in paragraph 29 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

30. Answering paragraph 30 of the Complaint, the Defendants deny that a second public hearing before the Board took place on September 24, 2004. The Defendants admit that a regularly scheduled meeting of the Board took place on September 14, 2004 and that the portion of paragraph 30 which purports to be a quote from Supervisor Antonovich is an excerpt of or from the Meeting Transcript of the Los Angeles County Board of Supervisors for September 14, 2004. As to the remainder of the allegations set forth in paragraph 30 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, the Defendants admit that on January 7, 2014, Supervisors Antonovich and Knabe made a motion that the Board of Supervisors adopt a revised County seal by altering the seal's current depiction of the San Gabriel Mission to place a proportionately accurate cross at the apex of the roof in order to accurately depict the Mission and reflect the cultural and historical role that the Mission played in the development of Los Angeles County's region. As to the remainder of the allegations set forth in paragraph 31 of the Complaint, the Defendants deny them.

///

///

32. Answering paragraph 32 of the Complaint, the Defendants admit that a letter dated January 6, 2014 addressed to the Los Angeles County Board of Supervisors contained the language excerpted and included in paragraph 32 of the Complaint. As to the remainder of the allegations in paragraph 32, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, the Defendants admit that an editorial attributed to The Times editorial board, dated January 3, 2014, contained the language excerpted and included in paragraph 33 of the Complaint. As to the remainder of the allegations in paragraph 33 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

34. Answering paragraph 34 of the Complaint, the Defendants admit that, at the meeting of the Board of Supervisors that occurred on January 7, 2014, the motion to adopt a revised County seal passed by a vote of 3 to 2, and that the "no" votes were entered by Supervisors Molina and Yaraslovsky. The Defendants further admit that Exhibit 3 to the Complaint appears to depict the revised County seal. As to the remainder of the allegations set forth in paragraph 34 of the Complaint, the Defendants deny them.

35. Answering paragraph 35 of the Complaint, the Defendants deny that the adoption of the revised seal was deliberately intended to promote a sectarian purpose of favoring Christianity among all religions practiced in Los Angeles County and disfavor other religious and non-religious beliefs. As to the remainder of the allegations set forth in paragraph 35, the Defendants have insufficient information or belief to enable them to answer the remainder of the allegations and, on that ground, deny each and every additional allegation contained therein.

///

36. Answering paragraph 36 of the Complaint, the Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

37. Answering paragraph 37 of the Complaint, the Defendants deny the allegations contained in paragraph 37 of the Complaint, and deny that the Plaintiffs are entitled to relief.

## CAUSES OF ACTION

### First Cause of Action

**Violation of 42 U.S.C. § 1983 (Based on the Violation of the Establishment Clause of the United States Constitution As Incorporated by the Fourteenth Amendment)**

38. The Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 to 37 of the Complaint as though fully set forth herein.

39. The Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. The Defendants deny the allegations contained in paragraph 41 of the Complaint.

### Second Cause of Action

**Violation of the California Constitution, Article I, § 4)**

42. The Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 to 41 of the Complaint as though fully set forth herein.

///
///

43. The Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Defendants deny the allegations contained in paragraph 45 of the Complaint.

### Third Cause of Action

### Violation of the California Constitution, Article XVI, § 5)

46. The Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 to 45 of the Complaint as though fully set forth herein.

47. The Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. The Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Defendants deny the allegations contained in paragraph 49 of the Complaint.

### ANSWER TO REQUEST FOR RELIEF

The Defendants deny that the Plaintiffs are entitled to any of the relief requested, including injunctive and/or other equitable relief, costs of suit, attorneys' fees or any other relief whatsoever.

///
///
///
///
///
///
///

## FIRST AFFIRMATIVE DEFENSE

### (Standing)

50. The Plaintiffs, and each of them, lack standing to assert the claims in the Complaint.

Dated: March 13, 2014

MARANGA * MORGENSTERN
Kenneth A. Maranga
Patricia E. Ellyatt
Frank J. Ozello, Jr.

GREINES, MARTIN, STEIN & RICHLAND, LLP
Timothy T. Coates

By: *Patricia E Ellyatt*
Patricia E. Ellyatt
Attorneys for Defendants COUNTY OF LOS ANGELES and WILLIAM T. FUJIOKA

F:\ADMIN\MATTERS - ACTIVE\Davies, Reverend Father Ian Elliott v COLA\Pleadings\Answer.amended.doc

# PROOF OF SERVICE
## [C.C.P. §1013]

STATE OF CALIFORNIA      )
                                              ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave., Suite 600, Woodland Hills, CA 91367.

On **March 13, 2014**, I served the foregoing document entitled **ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA TO PLAINTIFFS' COMPLAINT,** on all parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST.**

____ **By Mail**. By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with first class postage thereon fully paid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter is more than one day after day of deposit for mailing in this Proof of Service.

____ **By Telefax**. I transmitted said document by telefax to the offices of the addressees at the telefax numbers on the attached Service List.

____ **By Personal Service**. I delivered such envelope by hand to the addressee(s).

____ **By Overnight Courier**. I caused the above-referenced document(s) to be delivered to an overnight courier service for next day delivery to the above addressee(s).

____ **By Email Transmission**. I caused the abovementioned document(s) to be transmitted by email to the address(es) listed below at their respective email address(es) as listed and described below. I am "readily familiar" with this office's practice for transmissions by email. Under that practice transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the foregoing document(s) by email, I followed this office's ordinary business practices. The sending email address is mparks@marmorlaw.com.

///

///

///

///

///

- 12 -

ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA
TO PLAINTIFFS' COMPLAINT

The below listed individuals are registered with the Court to receive notice of electronically filed documents and will therefore be served via the Court's ECF System:

| | |
|---|---|
| Linda M. Burrow, Esq.<br>burrow@caldwell-leslie.com<br>Andrew Esbenshade, Esq.<br>esbenshade@caldwell-leslie.com<br>Jeffrey M. Chemerinsky, Esq.<br>chemerinsky@caldwell-leslie.com<br>CALDWELL LESLIE & PROCTOR, PC<br>725 South Figueroa Street - 31st Floor<br>Los Angeles, CA 90017-5524<br>Telephone: (213) 629-9040<br>Facsimile: (213) 629-9022<br><br>-and-<br><br>Mark D. Rosenbaum, Esq.<br>mrosenbaum@aclu-sc.org<br>Peter Eliasberg, Esq.<br>peliasberg@aclu-sc.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 977-5297 | Attorneys for Plaintiffs<br><br>*REVEREND FATHER IAN ELLIOTT DAVIES; REVEREND J. EDWIN BACON, JR.; SHAKEEL SYED; RABBI HAROLD M. SCHULWEIS; REVEREND TERA LITTLE; RABBI JOHN ROSOVE; REFEREND PETER LAARMAN; DAVID N. MYERS; and RABBI AMY BERNSTEIN* |
| Timothy T. Coates, Esq.<br>tcoates@gmsr.com<br>GREINES, MARTIN, STEIN & RICHLAND, LLP<br>5900 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 900356<br>Telephone: (310) 859-7811<br>Facsimile: (310) 276-5261 | Attorneys for Defendants<br>*COUNTY OF LOS ANGELES and WILLIAM T. FUJIOKA* |
| Hon. Christina A. Snyder<br>UNITED STATES DISTRICT COURT<br>**Courtroom 5, 2nd Floor**<br>312 N. Spring Street<br>Los Angeles, CA 90012 | **(COURTESY COPY – BOX)** |

- 13 -

ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND WILLIAM T. FUJIOKA
TO PLAINTIFFS' COMPLAINT

| Hon. John E. McDermott<br>UNITED STATES DISTRICT COURT<br>**Courtroom C, 8th Floor**<br>312 N. Spring Street<br>Los Angeles, CA  90012 | **(COURTESY COPY – BOX)** |
|---|---|

__X__  **(Federal)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 13, 2014**, at Woodland Hills, California.

*/s/ Mary Ann Parks*
MARY ANN PARKS